UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
  YUNETTA BARON,

                     Plaintiff,

         - against -

  PATRICIA LISSADE, LATICIA LAMAR,
  IRINA KLADOVA, LAURA FLYER, RAYMOND
  KARLIN, CARLOS VELEZ, MICHAEL
  SILVERMAN, JANET KIM, ANDREW SONPON,
  SUDARSA SRINISVASAN, and THE CITY
  OF NEW YORK,

               Defendants.
-------------------------------------------------------------------X

**MEMORANDUM & ORDER**
19-CV-6256 (RPK) (RLM)

RACHEL P. KOVNER, United States District Judge:

      Plaintiff Yunetta Baron, who was prosecuted by the New York City Commission on Human Rights (the "Commission") for housing discrimination, has sued 11 parties that allegedly participated in her prosecution. As relevant here, plaintiff asserts claims against seven current or former Commission attorneys and the City of New York for (i) malicious prosecution under 42 U.S.C. § 1983, (ii) malicious abuse of process under Section 1983 and New York law, and (iii) violation of the Fourteenth Amendment right to a fair trial under Section 1983. Corporation Counsel of the City of New York ("Corporation Counsel") has filed a motion to dismiss those claims. Corporation Counsel's motion is granted as to all claims against the City and as to the malicious prosecution claim. As set out below, the parties are directed to file supplemental briefs addressing qualified immunity with respect to the remaining claims.

## DISCUSSION

      To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

1

*Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This means, for example, that a complaint is properly dismissed where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558.

Corporation Counsel has moved to dismiss all claims against the City of New York. *See* Mot. to Dismiss ("City's Br.") (Dkt. #22). In response, plaintiff has withdrawn her claim for municipal liability. *See* Pl.'s Mem. in Opp'n to Mot. to Dismiss ("Pl.'s Opp'n Br.") at 45 (Dkt. #30). Accordingly, plaintiff's claim against the City of New York is dismissed.

Corporation Counsel has also moved to dismiss plaintiff's Section 1983 claim for malicious prosecution. Compl. ¶¶ 80-173 (Dkt. #1). Corporation Counsel seeks dismissal of this claim against all seven current or former Commission attorneys named as defendants, although Corporation Counsel notes that it does not represent Laura Flyer—an attorney who no longer works for the City. "In order to prevail on a Section 1983 claim against a state actor for malicious prosecution," a plaintiff must show, among other things, "a violation of [her] rights under the Fourth Amendment." *Frost v. New York City Police Dep't*, 980 F.3d 231, 242 (2d Cir. 2020); *see Washington v. Cty. of Rockland*, 373 F.3d 310, 316 (2d Cir. 2004). Courts accordingly reject Section 1983 malicious prosecution claims when the plaintiff was not "imprisoned," "detained," "the subject of a criminal prosecution," or otherwise seized within the meaning of the Fourth Amendment. *Rolon v. Henneman*, 517 F.3d 140, 147 (2d Cir. 2008); *see also, e.g.*, *Washington*, 373 F.3d at 316 (dismissing a Section 1983 malicious prosecution claim where plaintiffs "were charged in an *administrative* proceeding, and, critically, were never taken into custody, imprisoned, physically detained or seized within the traditional meaning of the Fourth

Amendment" (emphasis in original)); *Lewis v. City of New York*, 18 F. Supp. 3d 229, 237 (E.D.N.Y. 2014) (same).

Plaintiff's claim of malicious prosecution under Section 1983 is deficient under these principles because plaintiff has failed to allege a violation of her Fourth Amendment rights. There is no allegation in the complaint that plaintiff was "imprisoned," "detained," "the subject of a criminal prosecution," or otherwise seized within the meaning of the Fourth Amendment. *Rolon*, 517 F.3d at 147. Although plaintiff insists that the civil proceedings against her constituted a seizure under the Fourth Amendment, she has offered no case law to support that position. The cases cited by plaintiff either concern state law rather than federal law, *see* Pl.'s Opp'n Br. at 20-24, or individuals held on bail pending trial, *see, e.g.*, *Albright v. Oliver*, 510 U.S. 266, 277-78 (1994) (Scalia, J., concurring); *Murphy v. Lynn*, 118 F.3d 938, 946 (2d Cir. 1997). Accordingly, plaintiff's claim of malicious prosecution is dismissed as to all attorneys represented by Corporation Counsel. So, too, is plaintiff's malicious prosecution claim against Ms. Flyer because it suffers from the same deficiencies as the claim against the represented Commission attorneys. *See Pittman v. City of New York*, No. 14-CV-4140, 2014 WL 7399308, at *1 n.1 (E.D.N.Y. Dec. 30, 2014).

Corporation Counsel has also moved to dismiss the remaining counts against the current or former Commission attorneys. In doing so, Corporation Counsel relies in part on qualified immunity. The parties' briefs contain limited discussion of the application of that doctrine to the claims in this case. To guide that determination, plaintiff and Corporation Counsel are directed to file supplemental letters addressing the following questions:

- Whether qualified immunity forecloses plaintiff's claim for violation of the right to a fair trial based on fabrication of evidence because plaintiff's trial was a civil proceeding, and the Second Circuit "has never recognized a constitutional right to

3

be free from fabrication of evidence outside of the criminal context." *Rolon v. Henneman*, 443 F. Supp. 2d 532, 538 (S.D.N.Y. 2006).

- Whether qualified immunity bars plaintiff from premising a malicious abuse of prosecution claim under Section 1983 on the issuance of a probable cause finding. *See Wagner v. Hyra*, No. 19-CV-4, 2021 WL 475331 (N.D.N.Y. 2021) (noting that "[c]ourts in this circuit appear split" over whether an abuse of process claim can be "based on the issuance of the process itself") (citation omitted).

The parties shall file their supplemental letters by April 20, 2021. The letters shall not exceed five pages.

SO ORDERED.

*/s/ Rachel Kovner*
RACHEL P. KOVNER
United States District Judge

Dated: April 6, 2021
      Brooklyn, New York

4